UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIODATA EDWARDS,

    Plaintiff,                       CIVIL ACTION NO. 07-15249

  v.                             DISTRICT JUDGE BERNARD A. FRIEDMAN
                                 MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendant's Motion to Dismiss should be DENIED, as Plaintiff commenced the instant action seeking judicial review of the denial of Social Security disability benefits within the permitted time period after receipt of the final decision of the Commissioner.

\*   \*   \*

Plaintiff filed applications for Social Security Disability Income Benefits (DIB) and Supplemental Security Income (SSI) benefits on July 31, 2003, alleging that she had been disabled and unable to work since August 5, 1999, due to severe back pain and emotional difficulties. Benefits were denied by the Social Security Administration (SSA). A requested de novo hearing was held on November 7, 2005, before Administrative Law Judge (ALJ) Regina Sobrino. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of sedentary work. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.

Defendant filed a Motion to Dismiss on February 29, 2008, asserting that the complaint failed to state a claim upon which relief could be granted. Defendant argued that this Court lacked subject matter jurisdiction to review the Commissioner's determination because Plaintiff had failed to commence the instant action within 60 days after receipt of the "final decision", as required by law. Plaintiff filed a response on March 4, 2008, asserting that she had filed her complaint in a timely manner.

DISCUSSION AND ANALYSIS

The Appeals Council issued its denial letter on October 5, 2007 (TR 4-6). Plaintiff had 65 days from that date to file her complaint in the district court, or request an extension of time in which to do so from the Appeals Council. Plaintiff did not file a request with the Appeals Council seeking an extension of time. Defendant maintains that Plaintiff had until December 9, 2007, to file her complaint seeking judicial review of the denial of disability benefits. Since Plaintiff did not file the complaint until December 10, 2007, Defendant asserts that she failed to file in a timely manner.

Rule 6(a) of the of Federal Rules of Civil Procedure governs the method for calculating the proper time period in which to file a civil action in federal court. The rule states in pertinent part:

> In computing any period of time prescribed or allowed by these rules... by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. <u>The last day of the period so commenced shall be included, unless it is a Saturday, a Sunday, or legal holiday... in which event the period runs until the end of the next day which is not one of the aforementioned days</u>.
>
> Fed. R. Civ. P. 6(a).
> (emphasis added).

As correctly pointed out by Plaintiff, December 9, 2007, fell on a Sunday. Consequently, Plaintiff had until end of the next business day, December 10, 2007, to file her complaint within the permitted time period prescribed by law. Since Plaintiff did, indeed, file her complaint on that day, she commenced this action in a timely manner. Accordingly, Defendant's Motion to Dismiss should be DENIED.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/Donald A. Scheer
                                                DONALD A. SCHEER
                                                UNITED STATES MAGISTRATE JUDGE

DATED: March 12, 2008

**CERTIFICATE OF SERVICE**

       I hereby certify on March 12, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 12, 2008. **None.**

                                              s/Michael E. Lang
                                              Deputy Clerk to
                                              Magistrate Judge Donald A. Scheer
                                              (313) 234-5217