UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIODATA EDWARDS,

    Plaintiff,                                CIVIL ACTION NO. 07-15249

v.                                        DISTRICT JUDGE BERNARD A. FRIEDMAN
                                                 MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

\* \* \*

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on July 31, 2003, alleging that she had been disabled and unable to work since August 5, 1999, at age 35, due to osteoarthritis, migraine headaches, high cholesterol, hypertension and mental depression. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on November 7, 2005, before Administrative Law Judge (ALJ) Regina Sobrino. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of sedentary work providing a sit-stand option. The Law Judge determined that Plaintiff was limited to simple job assignments that did not involve operating foot controls, or expose her to hazards and

vibrations. The ALJ further restricted the claimant from jobs that necessitated frequent climbing, stooping, kneeling or crouching. She was unable to perform any forceful gripping, grasping, pinching, twisting, squeezing, or reaching above chest level. Plaintiff was also limited in her ability to rapidly flex, extend or rotate her neck. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 41 years old at the time of the hearing. She had been graduated from high school, completed three years of college, and had been employed as a certified nurse's aide during the relevant past (TR 67, 73, 198). As a nurse's aide, Plaintiff had to remain on her feet for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 50 pounds on a regular basis (TR 97).

Claimant waived her right to counsel, and elected to proceed with the hearing without representation (TR 194). She stopped working in August 1999, due to constant pain and numbness in her back, neck and shoulders (TR 200). Claimant testified that the pain prevents her from handling objects and remaining on her feet for prolonged periods (TR 202-203). Plaintiff explained that she was extremely limited in her ability to sit, stand, walk, lift or use her hands (TR 204-205). Claimant added that she frequently needed to lie down to get any pain relief (TR 201). Plaintiff stated that she had trouble performing household chores, and that she had to rest between activities (TR 206-207). Other impairments which the claimant said prevented her from returning to work included mental depression and migraine headaches (TR 201).

A Vocational Expert, Michelle Robb, classified Plaintiff's past work as medium to heavy, semi-skilled activity (TR 212). If Plaintiff were capable of sedentary work, the Vocational Expert testified that there were numerous unskilled clerical (telephone, information and office) jobs that Plaintiff could perform with minimal vocational adjustment (TR 213-214). These jobs provided a sit-stand option, and did not require her to frequently climb, squat, crouch, crawl, kneel or be exposed to hazards or vibrations. They involved simple, routine tasks, and did not require frequent gripping, grasping, pinching, twisting, squeezing, reaching above chest level, or rapid flexion of her neck (TR 213).

## LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff was impaired during the relevant past as a result of degenerative joint disease of the lumbar and cervical spine and an dysthymic disorder, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant was restricted to simple, routine tasks. The Law Judge further limited claimant to jobs that did not require her to frequently climb, squat, crouch, crawl, kneel or be exposed to hazards or vibrations. Plaintiff was restricted to work that provided a sit-stand option and did not require much reaching above chest level or rapid neck movement. The ALJ determined that the claimant retained the residual functional capacity to perform a reduced range of sedentary work within those limitations, as identified by the Vocational Expert.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the

proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff contends that her depression and inability to concentrate were severe enough to preclude her from all work activity. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2008).

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of sedentary work. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of severe and totally disabling joint pain and functional limitations stemming from her dysthymic disorder.

The claimant does not challenge the ALJ's determination that she retained the physical capacity for sedentary work activity during the relevant period. Her sole contention is that the ALJ's hypothetical question to the vocational expert failed to incorporate all her mental limitations, particularly the concentration deficiencies. (See pp. 6-14 of Plaintiff's memorandum in support of Summary Judgment).

The ALJ was certainly aware of Plaintiff's mental impairment, and she therefore included in her residual functional capacity finding significant mental limitations. The Law Judge recognized that the claimant was limited in understanding, remembering and carrying out detailed instructions. Consequently, she limited Plaintiff to jobs that involved simple, routine work. Furthermore, the Law Judge found that the claimant could not engage in commercial driving, and should avoid hazards, given her limited ability to respond to supervision and unusual work situations (TR 37).

The ALJ based her residual mental capacity findings upon the opinions of two psychologists, Matthew Dickson and Paul Liu, who evaluated claimant in October 2003, and completed documentation that addressed claimant's mental impairment (TR 115-128, 161-164). Contrary to the claimant's assertion, the ALJ was not required to include in her hypothetical question to the vocational expert the fact that the claimant was found by Dr.

5

Liu to be moderately impaired in maintaining concentration, persistence or pace (TR 125). The Sixth Circuit has held that hypothetical questions to experts are not required to include lists of claimant's medical impairments. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004).

In the instant case, Dr. Liu found that Plaintiff had mild restrictions in activities of daily living, and was moderately impaired in her ability to maintain concentration, persistence or pace (TR 125). Despite these difficulties, Dr. Liu concluded that the claimant could still perform "simple tasks" in a work like setting (TR 112). Since the hypothetical question did include Dr. Liu's overall assessment that Plaintiff was restricted to simple, unskilled work, the vocational expert was aware of claimant's mental limitations before she identified the types of jobs that the Plaintiff could still perform[1] (TR 213).

Plaintiff relies heavily upon the fact that Dr. Michael Frappier opined on November 7, 2005, that she was disabled (TR 173). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors

---

[1] Moreover, any interpretation that would require vocational experts to evaluate the effect of medical conditions would be inconsistent with the purpose that vocational experts serve under social security regulations. Under those regulations, the ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an "assessment of [her] residual functional capacity." 20 C.F.R. § 416.920(a)(4)(iv) (2008), The vocational expert testifies on the basis of a claimant's "residual functional capacity and ... age, education, and work experience" and assesses whether the claimant "can make an adjustment to other work." 20 C.F.R. § 416.920(a)(4)(v) (2008). The vocational expert's testimony is directed solely to whether, given a claimant's age, experience, and education, along with the ALJ's assessment of what she "can and cannot do," there exist a significant number of employment opportunities for her in the regional and national economies. The vocational expert is not expected to evaluate the claimant's medical conditions in making this determination. Indeed, vocational experts are not required to have any medical training, so any evaluation of medical evidence they perform would be outside their area of expertise.

retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Frappier offered little objective evidence to support his November 2005, statement of disability[2], his opinion need not have been given any special weight. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not

---

[2]The ALJ rejected the doctor's disability opinion, setting forth persuasive reasons for doing so (TR 26). The ALJ expressed concern about the lack of medical documentation to support the opinion. As the Law Judge observed, the doctor's disability opinion was inconsistent with the clinical findings of other examining physicians, who indicated that the claimant had almost normal strength, did not suffer any neurological deficits and had a normal gait (TR 165-172). Dr. Frappier's disability opinion was also inconsistent with reports of claimant's daily activities. Plaintiff remained capable of cooking, shopping, doing the laundry and caring for her grandchild 20 hours a week (TR 82-84, 89, 91-93, 161-162, 164, 206, 208). Indeed, it appears the doctor's opinion was primarily based on Plaintiff's subjective complaints, rather than the objective medical evidence.

be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: October 9, 2008

_____

**CERTIFICATE OF SERVICE**

     I hereby certify on October 9, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 9, 2008: **None.**

                                                    s/Michael E. Lang
                                                   Deputy Clerk to
                                                   Magistrate Judge Donald A. Scheer
                                                   (313) 234-5217